IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDREA D. FLAGG, <br> AIS 310705, <br><br> Plaintiff, <br><br> v. <br><br> WARDEN SMITH, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:24-CV-624-RAH-CSC <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    INTRODUCTION**

Plaintiff Andrea Flagg, an inmate in the custody of the Alabama Department of Corrections, filed this action on a form used by inmates for filing 42 U.S.C. § 1983 complaints. Doc. 1. Flagg sues Warden Smith, Lieutenant Muarry, and Officer Cunningham for damages and injunctive relief for their alleged failure to protect him from an inmate assault at Donaldson Correctional Facility in May 2022. *Id.* at 2–3.

Upon review, the Magistrate Judge recommends that this case be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391 and 28 U.S.C. § 1406.[1]

---

[1] Flagg filed an application for leave to proceed in forma pauperis. Doc. 2. The assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Northern District of Alabama.

## II. DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). When a case is filed laying venue in the wrong division or district, a district court may dismiss or, in the interest of justice, transfer the case to any district or division where it could have been brought. *See* 28 U.S.C. § 1406(a).

The actions described in Flagg's Complaint occurred at Donaldson Correctional Facility, which is in the Northern District of Alabama. Flagg identifies no defendants who reside in the Middle District of Alabama, describes no events or omissions giving rise to his claims that occurred in this district, and identifies no other basis for proper venue here. Therefore, under 28 U.S.C. § 1391(b), venue is not proper in the Middle District of Alabama. Venue is proper in the Northern District of Alabama, and this case is due to be transferred under 28 U.S.C. § 1406(a).[2]

## III. CONCLUSION

Accordingly, the Magistrate Judge RECOMMENDS this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. §

---

[2] In transferring this case, the Court makes no determination on the merits of Flagg's claims.

1391(b) and 28 U.S.C. § 1406(a).

The Clerk is DIRECTED to send a copy of this Recommendation to Plaintiff at Donaldson and Limestone Correctional Facilities.[3]

It is further ORDERED that by **November 18, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and is therefore not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Resol. Tr. Corp., v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th CIR. R. 3-1.

Done, this 4th day of November 2024.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[3] Flagg's Complaint indicates he is incarcerated at Donaldson Correctional Facility. *See* Doc. 1 at 2. The return address on the envelope used to mail the Complaint reflects Flagg is confined at Limestone Correctional Facility. *Id.* at 5. Although not obligated to do so, the undersigned deems it appropriate to have a copy of the Recommendation mailed to Flagg at both facilities.